IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | 3:09-md-02100-DRH-PMF <br><br> MDL No. 2100 |

**This Document Relates to:**

| | |
|---|---|
| *Krystal Broodie-Stewart v. Bayer HealthCare Pharmaceuticals Inc., et al.* | No. 3:12-cv-10145-DRH-PMF |
| *Nancy Miller v. Bayer HealthCare Pharmaceuticals Inc., et al.* | No. 3:10-cv-20509-DRH-PMF |
| *Debra Rae Stump v. Bayer HealthCare Pharmaceuticals Inc., et al.* | No. 3:12-cv-10158-DRH-PMF |
| *Chyleen Phillips v. Bayer Corporation, et al.* | No. 3:12-cv-11049-DRH-PMF |

## ORDER OF DISMISSAL WITHOUT PREJUDICE
### (Failure To Comply With PFS Obligations)

**HERNDON, District Judge:**

This matter is before the Court on the Bayer defendants' motion, pursuant to Case Management Order 12 ("CMO 12")[1] for an order of dismissal, without prejudice, of the plaintiffs' claims in the above captioned cases for failure to comply with Plaintiff Fact Sheet ("PFS") obligations.

Under Section C of CMO 12, each plaintiff is required to serve defendants with a completed PFS, including a signed declaration, executed record release authorizations, and copies of all documents subject to the requests for production

---

[1] The parties negotiated and agreed to CMO 12, which expressly provides that the discovery required of plaintiffs is not objectionable. CMO 12 § A(2).

contained in the PFS which are in the possession of plaintiff. Section B of CMO 12 further provides that a completed PFS is due "45 days from the date of service of the first answer to her Complaint or the docketing of her case in this MDL, or 45 days from the date of this Order, whichever is later."

Accordingly, Plaintiffs in the above-captioned matter were to have served complete Fact Sheets in June 2012 (*Broodie-Stewart* and *Stump*), January 2011 (*Miller*), and November 2012 (*Phillips*). Notice of Overdue Discovery was sent in October 2012 (*Broodie-Stewart*), February 2011 (*Miller*), July 2012 (*Stump*), and December 2012 (*Phillips*). As of the filing of Bayer's motion to dismiss, Bayer still had not received completed PFS materials from the plaintiffs in the above-captioned matters.

Under Section E of CMO 12, the **plaintiffs were given 14 days from the date of Bayer's motion** to file a response either certifying that they served upon defendants and defendants received a <u>completed</u> PFS, and attaching appropriate documentation of receipt or an opposition to defendant's motion.

To date, none of the plaintiffs in the above captioned member actions has filed a response. Because the plaintiffs have failed to respond to Bayer's allegations, the Court finds that these plaintiffs have failed to comply with their PFS obligations under CMO 12. **Accordingly, the above captioned cases are dismissed without prejudice.**

The Court reminds plaintiffs that, pursuant to CMO 12 Section E, **unless plaintiffs serve the defendants with a COMPLETED PFS or move to vacate the**

dismissal without prejudice within 60 days after entry of this Order, the Order will be converted to a **Dismissal With Prejudice** upon defendants' motion.

**IT IS SO ORDERED.**

Signed this 19th day of March, 2015.

Digitally signed by David R. Herndon
Date: 2015.03.19 15:14:28 -05'00'

**United States District Judge**